# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **LANDSTAR RANGER, INC.** ) <br> 13410 Sutton Park Drive South ) <br> Jacksonville, FL 32224 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **URBAN ROADS, INC.** ) <br> **Serve: Lev Zartarian** ) <br> 4300 Campus Dr., Suite 210 ) <br> Newport Beach, CA 92660 ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 5:23-cv-120 |

## COMPLAINT

Landstar Ranger, Inc. (hereinafter referred to as "Landstar"), by and through Counsel, for its Complaint against Defendant Urban Roads, Inc. (hereinafter referred to as "Urban Roads") states as follows:

### Parties

1. Landstar Ranger, Inc. is a Delaware corporation whose principal place of business is 13410 Sutton Park Drive South, Jacksonville, Florida 32224.

2. Landstar is engaged in the arranging for and performance of interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA").

3. Defendant Urban Roads, Inc. is a California corporation whose principal place of business is 25411 Cabot Road, Suite 209, Laguna Hills, California 92653.

4. Defendant Urban Roads' agent for service of process is Lev Zartarian whose address is 4300 Campus Dr., Suite 210, Newport Beach, California 92660.

Jurisdiction and Venue

5. This Court has subject matter jurisdiction over the instant action pursuant to 28 USC 1332 and 28 USC 1337.

6. This matter exceeds $75,000 in controversy exclusive of interest and costs.

7. Pursuant to 28 U.S.C. 1391(b), venue is proper in this district and division in that Plaintiff's claims against Defendant arose in whole or in part in Laredo, Texas.

8. This Court has personal jurisdiction over Defendant in that Defendant arranged for and ultimately contracted with Landstar to transport 312 shipments of Defendant's in interstate commerce to Laredo, Texas.

## COUNT ONE

Breach of Transportation Contracts

9. Urban Roads tendered 312 shipments to Landstar for arrangement and transportation of goods from Mexico to Laredo, Texas ("the Shipments"). See Appendix A, invoice summary and representative sampling of the underlying shipping documents.

10. Landstar was the transportation entity of record on each of the shipping documents and arranged for and/or performed the services for the Shipments requested by Defendant and reflected in Appendix A.

11. Landstar arranged for and/or transported each of the Shipments from point of origin, delivering the Shipments to Laredo, Texas. See Appendix A.

12. On each of the Shipments, Urban Roads received the economic benefit of Landstar's services and therefore is liable for Landstar's freight charges including charges for Mexican entries, transfers, border crossing, broker fees, and forwarding services.

13. Landstar, on each of the Shipments, invoiced Defendant Urban Roads at their Laguna Hills, California office in the total amount of $195,075.44.

14. Urban Roads accepted each of these invoices and underlying paperwork without objection or protest.

15. Despite due demand, Urban Roads has failed to make payment to Landstar.

16. Practices and Remedies Code.

## COUNT TWO

### Quantum Meruit

17. Plaintiff incorporates by reference the preceding allegations in this Complaint.

18. At Plaintiff's expense Defendant received a benefit of Plaintiff's transportation services under circumstances that make it unjust for Defendant to retain the benefit of Plaintiff's transportation services without paying for them.

19. As a result of the foregoing, Plaintiff provided interstate transportation and related transportation services to Defendant which Defendant requested, accepted, and has refused to pay for. The reasonable value of the transportation services performed by Plaintiff for the benefit of Defendant was $195,075.44. Accordingly, Defendant is liable to Plaintiff under theories of quantum meruit and/or unjust enrichment.

## COUNT THREE

### Promissory Estoppel

20. Plaintiff incorporates by reference the preceding allegations in this Complaint.

21. As a result of the foregoing, Defendant promised to pay Plaintiff for the interstate transportation and related transportation services it requested. Plaintiff reasonably relied on Defendant's authorization and promise to pay for the interstate transportation and

related transportation services upon being invoiced. Defendant should have reasonably expected that its promise would induce action on the part of Plaintiff. Defendant's promise was made prior to Plaintiff's performance of said services, and Plaintiff's reliance upon said promise was foreseeable to Defendant. Accordingly, injustice can be avoided only by enforcing Defendant's authorization and promise to pay Plaintiff for the transportation of Defendant's property.

## COUNT FOUR

### Attorney's Fees

22. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

23. Although it attempted to resolve this matter without resorting to litigation, Plaintiff has been required to retain the services of the undersigned law firm to pursue its claims against Defendant.

24. As a result, in addition to the damages set forth above, Plaintiff seeks and is entitled to recover its reasonable and necessary attorneys' fees from Defendant.

## CONDITIONS PRECEDENT

25. All conditions precedent have occurred, been performed, or have been waived.

WHEREFORE, Plaintiff Landstar Ranger, Inc. prays for Judgment as follows:

(1)     that Judgment be entered against Defendant Urban Roads, Inc. and that Landstar be awarded $195,075.44 for otherwise identified and unpaid freight charges;

(2)     that Landstar be awarded its reasonable and necessary attorney's fees; and

(3)     for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

<u>*Vic Houston Henry*</u>
Vic Houston Henry, Esq.
Henry Oddo Austin Fletcher, P.C.
1717 Main Street, Suite 4600
Dallas, Texas 75201
Tel: (214) 658-1900
Fax: (214) 658-1919
vhhenry@hoaf.com

John T. Husk, Esq.
Law Office of Seaton & Husk, LP
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700
Fax: 703-573-9786
johnhusk@aol.com
jeffcox@transportationlaw.net

*Counsel for Plaintiff Landstar Ranger, Inc.*