IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **LANDSTAR RANGER, INC.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 5:23-cv-120 |
| | ) |
| **URBAN ROADS, INC.** | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Landstar Ranger, Inc. ("Plaintiff" or "Landstar") hereby files this Motion for Default Judgment against Defendant Urban Roads, Inc. ("Defendant"), pursuant to the Federal Rules of Civil Procedure. Plaintiff requests the Court to render a default judgment against Defendant. In support thereof, Plaintiff shows the Court the following:

### SUMMARY OF ARGUMENT

Plaintiff requests this Court enter a default judgment against Defendant on Plaintiff's breach of contract cause of action pursuant to Rule 55 of the Federal Rules of Civil Procedure. This Court should enter a default judgment against Defendant because it has both subject matter jurisdiction and personal jurisdiction over this cause of action, and because more than twenty-one (21) days have passed since Defendant was served with process and notice of this suit, yet Defendant has not filed an answer and has not otherwise appeared. Because Defendant is in default, this Court should grant Plaintiff's Motion for Default Judgment and render judgment against Defendant in favor of Plaintiff in the amount of $295,075.44, and award Plaintiff's reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001. Filed with this

Motion are the Affidavit of Vic Henry in Support of Motion for Default Judgment ("Henry Affidavit"), the Affidavit of Spryte Kimmey ("Kimmey Affidavit"), and the Affidavit on Attorney's Fees.

## FACTUAL BACKGROUND

On November 2, 2023, Plaintiff filed its Complaint against Defendant, seeking to recover damages for breach of contract in the amount of $195,075.44. Dkt. 1. Defendant's registered agent was personally served with process on November 13, 2023. Dkt. 4. On January 25, 2024, with leave of Court and the agreement of Defendant's representative, Josh Whipple, Plaintiff filed its First Amended Complaint, seeing the sum of $295,075.44 in damages. Dkt. 9. Attached to this Motion as Exhibit 1 ("Exhibit 1") is a true and correct copy of the acceptance of service of the First Amended Complaint by Defendant Urban Roads, Inc.'s agent, Josh Whipple of Emerge180.com. Defendant has yet to file a responsive pleading or otherwise defend the suit. On March 4, 2024, Plaintiff requested that the clerk enter a default against Defendant. Dkt. 16. The clerk signed the Entry of Default on March 8, 2024. Dkt. 17. Plaintiff now asks the Court to render a final default judgment against Defendant.

## ARGUMENT & AUTHORITIES

**1. This Court has both personal and subject matter jurisdiction over Defendant, whose only managing member was personally served with process.**

The Court should grant Plaintiff's Motion for Default Judgment because it has personal jurisdiction over Defendant and subject matter jurisdiction over Plaintiff's causes of action. This Court has personal jurisdiction over Defendant because Defendant Urban Roads tendered 312 shipments to Landstar for arrangement and transportation of goods from Mexico to Laredo, Texas ("the Shipments") in this District and Division, and because Plaintiff's claims for unpaid transportation charges arise wholly out of those Shipments in this District and Division.

Defendant is a California corporation with its principal place of business in Newport Beach, California. Plaintiff is a Delaware corporation with its principal place of business located at 13410 Sutton Park Drive South, Jacksonville, Florida 32224. Affidavit of Spryte Kimmey at ¶ 1. Plaintiff sued Defendant for breach of transportation contracts, sustaining damages totaling $295,075.44. Dkt. 9. The Affidavit of Spryte Kimmey and Exhibit 2 to this Motion are adopted by reference and incorporated within this Motion. The parties to this suit are from different states, no party is a citizen or resident of Texas, and the amount in controversy is greater than $75,000.00; therefore, this Court has subject matter jurisdiction of this suit based on diversity jurisdiction.

**2. This Court should render a final default judgment against Defendant.**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... the clerk shall enter the party's default." After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55 (b)(2).

Plaintiff sued Defendant for breach of the transportation contracts between the parties. Dkt. 1 at ¶ 9-16. "In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001)). "The bill of lading is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." *S. Pac. Transp. Co. v. Com. Metals Co.*, 456 U.S. 336, 342 (1982) (citing *Texas & Pacific R. Co. v. Leatherwood*,

250 U.S. 478, 482 (1919)). Moreover, no "act or omission of the carrier (except the running of the statute of limitations) (will) estop or preclude it from enforcing payment of the full amount by a person liable therefor." *Id.* at 352 (citing *Louisville & Nashville Railroad Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 65 (1924)). When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir.2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, the parties entered into three hundred and twelve (312) different transportation contracts spanning from July 2022 through December 2023. *See* Kimmey Affidavit ¶ 5. Landstar transported each shipment from Mexico to Laredo, Texas. *Id.* Defendant received the economic benefit of Plaintiff's transportation services for each shipment; therefore, Defendant is liable for Plaintiff's freight charges. *S. Pac. Transp. Co. v. Com. Metals Co.*, 456 U.S. at 343 ("It is perhaps appropriate to note that a carrier has not only the right but also the duty to recover its proper charges for services performed." (citing *Louisville & Nashville Railroad Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 65 (1924))). For each shipment, Plaintiff invoiced Defendant, totaling $295,075.44. Kimmey Affidavit at ¶ 7.[1] Despite accepting each invoice and underlying paperwork without objection or protest, and despite due demand, Defendant has not made any payments to Plaintiff. *Id.* at ¶¶ 8-10. Therefore, Defendant breached its obligations under each transportation contract by failing to pay Plaintiff's invoices within a reasonable period.

---

[1] A court may determine damages without convening a hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). "Thus, where a plaintiff submits an affidavit and supporting documents demonstrating that the damages are in an amount certain, the entry of a default judgment in that amount without the need for an evidentiary hearing is permissible." *Champion v. Phaselink Util. Sols., LLC*, No. SA-22-CV-00145-JKP, 2022 WL 3693461, at *3 (W.D. Tex. Aug. 24, 2022) (citing *Leedo Cabinetry*, 157 F.3d at 414.

Defendant has not refuted any of these facts or otherwise defended against the suit. As a result, the allegations in support of Landstar's claim for breach of contract are deemed admitted. *See Jackson*, 302 F.3d at 524. Defendant, as a corporation, is not a minor or an incompetent person. *See* Henry Affidavit. Additionally, as a corporation, Defendant is not on active duty with any branch of the United States' military. *See* Henry Affidavit; *see also* 50 U.S.C. § 3931.

Moreover, Plaintiff is entitled to a final default judgment against Defendant for Plaintiff's reasonable and necessary attorneys' fees. Plaintiff's Complaint against Defendant is for breach of contract. Texas law authorizes Plaintiff to recover the reasonable and necessary attorneys' fees it was forced to incur in prosecuting its claims as a result of Defendant's breach of contract. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8). "[N]otwithstanding that 38.001 uses the term 'may' the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000)) (awarding attorney's fees pursuant to Section 38.001 in a motion for default judgment). The Southern District of Texas authorizes awarding attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001 when "the plaintiff has been awarded damages for breach of contract and shows proof of reasonable fees, an award of attorneys' fees is mandatory." *Hancock Whitney Bank v. ECS Exec. Corp Servs.*, No. 4:21-CV-00932, 2022 WL 1211375, at *5 (S.D. Tex. Apr. 25, 2022) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Further, Landstar's applicable tariff provides for recovery of attorney's fees required to collect unpaid transportation charges. Kimmey Affidavit, at ¶ 11. To determine the amount of reasonable attorneys' fees to award, the court must generally arrive at a lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

After calculating the lodestar figure, the Court may decrease or enhance the amount based on the relative weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  The *Johnson* factors are:  (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

To date, the reasonable and necessary attorneys' fees Plaintiff has incurred and will incur in prosecuting this claim against Defendant total $3,034.80 plus out of pocket costs of $628. *See* Attorney's Fee Affidavit, which is adopted by reference and fully incorporated within this Motion.

## **CONCLUSION AND PRAYER**

WHEREFORE, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully asks the Court to enter a final default judgment in favor of Plaintiff and against Defendant and grant the following relief:

1. Damages in the amount of $295,075.44 for Defendant's breach of transportation contracts;

2. Attorneys' fees in the amount of $$3,034.80 plus out of pocket costs of $628;

3. All costs of Court;

4. Post judgment interest in accordance with federal law; and

5.  Plaintiff also requests such other and further relief, at law or in equity, to which Plaintiff shows itself justly entitled.

                        Respectfully submitted,

                        */s/ Vic Houston Henry*
                        Vic H. Henry
                        TBA No. 09484250
                        vhhenry@hoaf.com
                        Emileigh Hubbard
                        TBA No. 24076717
                        ehubbard@hoaf.com
                        Davinder Jassal
                        TBA No. 24107333
                        djassal@hoaf.com

                        **HENRY ODDO AUSTIN & FLETCHER,**
                            **a Professional Corporation**
                        1717 Main Street, Suite 4600
                        Dallas, Texas 75201
                        Telephone:  (214) 658-1900
                        Facsimile:  (214) 658-1919

                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 12, 2023, a true and correct copy of the foregoing was served on Defendant via first class and certified mail-return receipt requested at the following addresses:

Urban Roads, Inc.
25411 Cabot Road, Suite 209
Laguna Hills, California 92653

And

Registered Agent Lev Zartarian
4300 Campus Dr., Suite 210
Newport Beach, California 92660

And

Josh Whipple
Emerge 180, Inc.
13902 N. Dale Mabry Highway
Suite 229
Tampa, Florida 33618

>*/s/ Vic H. Henry*
> Vic Houston Henry